J-S56026-16

2016 PA Super 220

COMMONWEALTH OF PENNSYLVANIA

v.

TYSON DENNELL DEMORA

                        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2120 MDA 2015

Appeal from the Order Entered November 10, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003045-1995

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, J.                    **FILED OCTOBER 03, 2016**

Appellant, Tyson Dennell Demora, appeals from the order denying his request to be exempted from continued registration under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. Demora contends that the trial court erred in failing to enforce the terms of his plea agreement. We conclude that the trial court lacked jurisdiction due to Demora's failure to join an indispensable party, the Pennsylvania State Police ("PSP"). We therefore affirm.

In 1995, Demora was charged with one count each of aggravated indecent assault, unlawful restraint, and rape by forcible compulsion. On July 19, 1996, he pled guilty to one count of Aggravated Indecent Assault, and

_____

[*] Former Justice specially assigned to the Superior Court.

was sentenced to a term of imprisonment of two to five years, with credit for time served. Under then-existing law, Megan's Law I,[1] this conviction subjected him to a ten-year reporting requirement.

Demora served his maximum term of imprisonment, and on July 16, 2000, he began reporting to the PSP under Megan's Law II. There is no indication in the record that Demora ever failed to comply with required reporting and registration requirements. Furthermore, it is uncontested that he is not currently on probation or parole.

On December 3, 2012, the PSP notified Demora that pursuant to SORNA he was required to register as a Tier III offender and that he was now subject to a lifetime reporting requirement. In October 2015, he filed the instant petition seeking an order declaring that he is not subject to the reporting requirements imposed by the PSP.

The trial court received the arguments of Demora and the Lancaster County District Attorney's Office and reviewed the record. At the close of its review, the court concluded that Demora had not established, among other considerations, that the registration requirement was a material term of his plea agreement. This timely appeal followed.

_____

[1] 42 Pa.C.S.A. §§ 9791–9799, amended by The Registration of Sexual Offenders Act of May 10, 2000, P.L. 74, No. 18, § 3 (Megan's Law II); 42 Pa.C.S.A. §§ 9791–9799.9, expired pursuant to SORNA, 42 Pa.C.S.A. § 9799.41.

On appeal, Demora raises several arguments, primarily that the PSP's imposition of the registration requirement under SORNA violates the terms of his plea agreement. We need not reach any of Demora's arguments, however, as we conclude that the trial court lacked jurisdiction to entertain Demora's petition, as he did not name the PSP as a defendant.

We may raise the issue of jurisdiction *sua sponte*. **See Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000). We begin by noting that the general concept of sexual offender registration under Megan's Law I, Megan's Law II, and SORNA has been consistently held to constitute a collateral civil consequence of a conviction, and not a punitive measure.[2] **See**, **e.g.**, **Taylor v. Pennsylvania State Police of Com.**, 132 A.2d 590 (Pa. Cmwlth. 2016); **Commonwealth v. Giannantonio**, 114 A.3d 429 (Pa. Super. 2015); **Coppolino v. Noonan**, 102 A.2d 1254 (Pa. Cmwlth. 2014), *aff'd*, 125 A.3d 1196 (Pa. 2015).

This Court has, in the past, entertained appeals similar to Demora's. **See**, **e.g.**, **Giannantonio**; **Commonwealth v. Perez**, 97 A.3d 747 (Pa. Super. 2014); **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014); **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013). With the

_____

[2] As will be discussed later, certain specific provisions have been held to be punitive in nature, but the general framework of sexual offender registration and reporting has not. **See Taylor**.

exception of **Partee**, however, the basis for jurisdiction in these cases has not been explicit.

In **Partee**, the panel held that a petition seeking immunity from a reporting requirement did not fall under the ambit of the PCRA. **See** 86 A.3d at 247. Rather, the panel concluded that it had jurisdiction to hear the appeal pursuant to **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001).

In **Deaner**, the appellant had filed a petition pursuant to 61 P.S. § 81, Transfer and Retransfer of Inmates, which provided for a modification of a sentence if the petitioner was so seriously ill that it was necessary for the petitioner to be removed from the prison for the purpose of medical treatment.[3] As noted, the panel in **Deaner** was reviewing a matter brought under an explicit grant of jurisdiction from the legislature. No party has identified such a legislative grant of jurisdiction in this matter. Furthermore, the appellant in **Partee** was serving a sentence of imprisonment at the time he filed the petition under review. **See** 86 A.3d at 246. In the present matter, Demora is no longer serving any part of his sentence.

In a search to ground this case jurisdictionally, we observe that in the seminal case of **Hainesworth**, the panel held that the issue of whether the

---

[3] Section 81 was repealed in 2009, and replaced with 42 Pa.C.S.A. § 9777(a)(1), which allows for a deferral of sentence based upon medical needs.

imposition of reporting requirements under SORNA violated the terms of a plea agreement is based in contract law. **See** 82 A.3d at 447. In contrast, the Commonwealth Court has concluded that these claims "sound in declaratory and injunctive relief" against a Commonwealth agency. **Taylor**, 132 A.3d at 599.

Turning to the procedural posture of the present case, Demora is no longer serving any part of his relevant sentence. Nor has the Lancaster County District Attorney's Office taken an action against him. It the PSP's action requiring Demora to register and report under SORNA to which he objects. As such, the PSP is an indispensable party to Demora's action.

"Under Pennsylvania law, the failure to join an indispensable party implicates the trial court's subject jurisdiction." **Orman v. Mortgage I.T.**, 118 A.3d 403, 406 (Pa. Super. 2015) (citation omitted). This issue may be raised *sua sponte*. **See id**.

"An indispensable party is generally one whose rights are so connected with the claims of the litigants that no decree can be made without impairing or infringing upon those rights." **Sprague v. Casey**, 550 A.2d 184 (Pa. 1988). **See also Commercial Banking Corp. v. Culp**, 443 A.2d 1154 (Pa. Super. 1982) ("Person is necessary and indispensable party only when his rights are so connected with claims of litigants that no decree can be made without impairing his rights.") Put more simply, "an indispensable party is one whose rights are so directly connected with and

affected by litigation that he or she must be a party of record to protect such rights, and his or her absence renders any order or decree of court null and void for want of jurisdiction." ***CRY, Inc. v. Mill Service, Inc.***, 640 A.2d 372, 375 (Pa. 1994). ***See also*** 3 Standard Pennsylvania Practice 2d § 14:158. In evaluating this issue, the following issues must be considered:

1. Do absent parties have a right or an interest related to the claim?
2. If so, what is the nature of that right or interest?
3. Is that right or interest essential to the merits of the issue?
4. Can justice be afforded without violating the due process rights of absent parties?

***Martin v. Rite Aid of Pennsylvania, Inc.***, 80 A.3d 813, 814 (Pa. Super. 2013) (citation omitted).

Clearly, the first three issues are satisfied in favor of the necessity of naming the PSP a party, as the PSP has a statutory duty to enforce registration and reporting requirements under SORNA. It may be arguable that justice can afforded without violating the due process rights of the PSP. However, we conclude that the PSP has the right to tailor its arguments and strategy to reflect its priorities and policies in fulfilling its duties under SORNA.

While the Lancaster County District Attorney's Office has ably fulfilled the function of arguing against Demora, we observe that it is possible in future cases that a District Attorney's office and the PSP will have different opinions on policy, legal merit, or strategy concerning the application of SORNA's reporting requirements on a given individual. In the end, it is the

PSP's legal conclusion that Demora is subject to SORNA's requirements that is at issue here, not the District Attorney of Lancaster County. Any determination that holds that the PSP's conclusion is wrong directly impacts the PSP and its statutory duty to administer the registration of offenders under SORNA. Thus, the appropriate form of action for the relief sought by Demora is a petition sounding in declaratory and injunctive relief against the PSP. *See Taylor*, 132 A.2d at 599.

We therefore conclude that the PSP is an indispensable party to Demora's petition. Thus, the failure to join the PSP resulted in a lack of subject matter jurisdiction in the trial court. We affirm on this basis. *See Commonwealth v. Burns*, 988 A.2d 684, 690 n.6 (Pa. Super. 2009) ("[A]n appellate court may affirm the lower court on any basis, even one not considered or presented in the court below.")

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2016