J-S42012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH E. GARRISON | |
| Appellant | No. 243 MDA 2017 |

Appeal from the PCRA Order December 22, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0006082-2013

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 01, 2017**

Appellant, Kenneth Garrison, appeals *pro se* from an order entered on December 22, 2016, raising three issues for our review.  We agree with the trial court that Appellant is challenging the validity of his conviction, and therefore the petition was properly treated as a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We further conclude that the claims raised in Appellant's PCRA petition are untimely and that Appellant is therefore not entitled to PCRA relief.  Accordingly, we affirm.

As our disposition is based solely on the procedural history of this case, we do not set forth the factual background.  On September 13, 1993,

Appellant pled guilty and was sentenced to an aggregate term of four to ten years' imprisonment for, *inter alia*, aggravated indecent assault.[1]   In 1995, Megan's Law I took effect, requiring Appellant to register with the Pennsylvania State Police ("PSP") for a period of ten years.   In 2003, Appellant was released from prison and began his ten-year registration requirement.   On December 20, 2012, while Appellant was still subject to registration requirements, Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, took effect. SORNA provides that any individual previously required to register for a sexually violent offense with the PSP, and who has not fulfilled that period of registration, is required to register pursuant to SORNA.   *See* 42 Pa.C.S.A. § 9799.13(3)(i).   Under SORNA, Appellant's aggravated indecent assault conviction required that he register for the remainder of his life.

On September 3, 2013, Appellant was charged with two counts of failing to verify address and obtain photographs,[2] failure to comply with registration requirements,[3] and failure to provide accurate registration information.[4]   On June 9, 2014, Appellant pleaded guilty to all charges,

_____

[1]   18 Pa.C.S.A § 3125(a)(1).

[2]   18 Pa.C.S.A. § 4915.1(a)(2).

[3]   18 Pa.C.S.A. § 4915.1(a)(1).

[4]   18 Pa.C.S.A. § 4915.1(a)(3).

except failure to provide accurate registration information, and was sentenced to an aggregate term of three to six years' incarceration.[5]

Appellant filed neither a post-sentence motion nor a direct appeal. On March 2, 2015, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988) (*en banc*). On August 11, 2015, the PCRA court dismissed the petition. Appellant did not appeal.

On October 26, 2016, Appellant filed a *pro se* petition for *habeas corpus* relief, which the trial court treated as a second PCRA petition. On November 8, 2016, the trial court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907(A). On December 22, 2016, the trial court dismissed the petition. This timely appeal followed.[6]

Appellant presents three issues for our review:

1. Did the [PCRA] court err by treating [] Appellant's [p]etiton for [w]rit of [*h*]*abeas* [*c*]*orpus* as a PCRA [petition] instead of the [w]rit of [*h*]*abeas* [*c*]*orpus* as was filed?

---

[5] The charge of failure to provide accurate registration information was *nolle prossed* as part of the negotiated guilty plea agreement.

[6] The trial court did not order Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Nonetheless, Appellant filed a concise statement on February 21, 2017.

2. Did the [PCRA] court err [by] not enforcing the [g]uilty [p]lea that was accepted by the court in 1993?

3. Did the [PCRA] court err by not sentencing [] Appellant to a sentence under [42 Pa.C.S.A. §] 9718.4[]?

Appellant's Brief at 3.

Appellant first claims that it was improper to treat his *habeas corpus* petition as a petition for post-conviction relief. Whether a pleading is properly construed as a PCRA petition is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Descardes**, 136 A.3d 493, 497 (Pa. 2016) (citation omitted).

"The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . including *habeas corpus* and *coram nobis.*" 42 Pa.C.S.A. § 9542. A petition for writ of *habeas corpus* is only appropriate where a petitioner's claim is not cognizable under the PCRA. **See Descardes**, 136 A.3d at 499.

Here, Appellant challenges the validity of his conviction and sentence by arguing that he should not be required to register under SORNA because registration was not part of his original plea deal. Essentially, Appellant is arguing that his conviction should be overturned because he never should have been subject to SORNA registration requirements. A claim challenging the legality of a sentence is cognizable under the PCRA. **See**

*Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) (finding legality of sentence is always subject to review within the PCRA, as long as the claim satisfies the Act's time limitations). Further, Appellant's petition can be construed as invoking an ineffective assistance of counsel claim, since his original plea agreement was not raised as an affirmative defense. *See Commonwealth v. Grant*, 813 A.2d 726, 742 (Pa. 2002) (finding that claims sounding in the alleged ineffective assistance of counsel are specifically deemed cognizable under the PCRA). Thus, the PCRA court correctly treated Appellant's filing as a PCRA petition and not a petition for a writ of *habeas corpus*.[7]

Before we address the merits of Appellant's next two issues, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard

_____

[7] This case is distinguishable from *Commonwealth v. Demora,* 149 A.3d 330 (Pa. Super. 2016). In *Demora*, the petitioner was not convicted of violating SORNA's registration requirements. Rather, the petitioner took affirmative action through a petition for *habeas corpus* relief to enforce his plea agreement. *See also Dougherty v. Pennsylvania State Police*, 138 A.3d 152, 155 (Pa. Cmmw. 2016) (*en banc*) (holding petitioner's request to order specific performance of his plea agreement was properly brought as a petition for review in the nature of a writ of mandamus).

of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

The PCRA mandates that all petitions for post-conviction relief, including second and subsequent petitions, be filed within one year of the date upon which the judgment becomes final, unless one of the three statutory exceptions applies. ***See*** 42 Pa.C.S.A. § 9545(b)(i)-(iii). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither [the Superior] court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, or at the expiration of the time for seeking such review. 42 Pa.C.S.A. § 9545(b)(3).

Appellant did not file a direct appeal from his judgment of sentence imposed on June 9, 2014. Thus, Appellant's judgment of sentence became final on or about July 9, 2014. Appellant had to file his petition within one year from that date or demonstrate that an exception applies. Appellant filed his petition on October 26, 2016, over two years after his judgment of sentence became final. Appellant has neither pled nor proven any of the three statutory exceptions to the timeliness provisions of the PCRA. Thus, Appellant's PCRA petition was patently untimely and no exceptions have been established. ***Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa.

2009). Therefore, the PCRA court properly held that it lacked jurisdiction over his untimely petition.

Application to supplement the certified record denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017