J-S55025-17

2017 PA Super 329

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL VINCENT LEONARD | |
| Appellant | No. 1368 MDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000181-2016

BEFORE:  DUBOW, RANSOM, and STRASSBURGER, JJ.[*]

OPINION BY RANSOM, J.:                    **FILED OCTOBER 17, 2017**

Appellant, Michael Vincent Leonard, appeals from the judgment of sentence of two and one-half to ten years of incarceration, imposed July 21, 2016, following a negotiated guilty plea resulting in his conviction for one count of distribution of child pornography, seven counts of possession of child pornography, and two counts of criminal use of a communication facility.[1] Appellant was required to register as a lifetime offender pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41.  We vacate the judgment of sentence in part and remand for imposition of a twenty-five-year period of registration under SORNA.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 6312(c), 6312(d), 7512, respectively.

At sentencing, counsel for Appellant argued that he should be treated as a Tier II sexual offender, as all convictions had arisen from the same criminal episode and Appellant was convicted of all offenses on the same date. *See* Notes of Testimony (N.T.), 7/21/16, at 20-21. Counsel noted that *A.S. v. Pennsylvania State Police*, 143 A.3d 896 (Pa. 2016), dealing with the triggering requirements for lifetime registration, had not yet been decided by the Pennsylvania Supreme Court. *See* N.T. at 20-21. Counsel requested that the court accept the guilty plea and allow him to preserve the argument in the event of a decision. *Id.* Thus, consistent with the terms of Appellant's plea, the court directed Appellant's lifetime registration as a Tier III sex offender under SORNA. *Id.* at 15-16, 20.

SORNA requires that defendants convicted of certain sexual offenses register with the Pennsylvania State Police and contains a three-tiered system for classifying offenses and their corresponding registration periods. *See*, *e.g.*, *Commonwealth v. Lutz-Morrison*, 143 A.3d 891, 892 (Pa. 2016) (citing 42 Pa.C.S. § 9799.15(a)(1)-(3)). Appellant was convicted of one Tier II offense, 18 Pa.C.S. § 6312(c), requiring registration for twenty-five years, and seven Tier I offenses, 18 Pa.C.S. § 6312(d), requiring registration for fifteen years. *See* 42 Pa.C.S. § 9799.14(b)-(c). However, the statute also provides that if the defendant has "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses," the defendant falls within Tier III and must register for life. *See* 42 Pa.C.S. § 9799.14(d)(16).

On August 15, 2016, the Pennsylvania Supreme Court decided *A.S.*, holding that Megan's Law requires an act, a conviction, and a subsequent act to trigger the lifetime registration for multiple offenses otherwise subject to ten-year registration. *See A.S.*, 143 A.3d at 908. At the same time, the Supreme Court decided *Lutz-Morrison*, holding that SORNA requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise subject to fifteen- or twenty-five-year periods of registration. *Lutz-Morrison*, 143 A.3d at 895, 898 (holding that defendant's guilty plea to multiple counts of child pornography at the same time did not trigger lifetime registration).

On August 19, 2016, Appellant timely filed a notice of appeal to this Court. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the sentencing court issued a responsive opinion, requesting that we remand for resentencing pursuant to *A.S.* and *Lutz-Morrison*.

On appeal, Appellant raises a single issue for our review:

> I. Where [Appellant] was convicted on the same date of one count of distribution of child pornography, a violation of 18 Pa.C.S. § 6312(c), and seven counts of possession of child pornography, violations of 18 Pa.C.S. § 6312(d), and all offenses involved a single course of conduct and were docketed to the same information number, should he have been sentenced to 25 years of sex offender registration pursuant to 42 Pa.C.S. §§ 9799.14 and 9799.15, rather than lifetime registration?

Appellant's Brief at 4.

- 3 -

We note that this is a pure question of law, and therefore, our standard of review is *de novo*, and our scope of review is plenary. ***See Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014), *appeal dismissed*, 145 A.3d 727 (Pa. 2016).

As discussed above, in ***Lutz-Morrison***, the Pennsylvania Supreme Court clarified that Section 9799.14(d)(16) of SORNA requires an act, conviction, and subsequent act to trigger lifetime registration for multiple offenses otherwise subject to fifteen- or twenty-five-year periods of registration. ***Lutz-Morrison***, 143 A.3d at 894-95; ***accord A.S.***, ***supra*** at 908. Thus, multiple convictions based upon charges in a single information for possession of child pornography did not qualify for Tier III classification. ***Id.*** We agree with Appellant and the trial court that Appellant's case is within the ambit of ***Lutz-Morrison***, as he entered a negotiated guilty plea to multiple Tier I and Tier II offenses, arising from the same arrest, on the same date. Accordingly, per ***A.S.*** and ***Lutz-Morrison***, the matter should be remanded for resentencing in accordance with those opinions.

The Commonwealth, while conceding that Appellant should be reclassified as a Tier II offender with twenty-five-year registration, nevertheless contends that Appellant has erred procedurally by filing his appeal in this Court. ***See*** Appellee's Brief at 5-10. The Commonwealth employs a tortured argument to claim that 1) Appellant is not contesting the statutory construction of SORNA, but is instead arguing he has been incorrectly classified under SORNA; 2) Appellant's registration requirement is

- 4 -

a collateral matter administratively managed by the Pennsylvania State Police; 3) Appellant failed to join the Pennsylvania State Police as an indispensable party; 4) Appellant incorrectly filed the instant appeal in this Court as opposed to the Commonwealth Court of Pennsylvania. **See** Appellant's Brief at 5-10. In so arguing, the Commonwealth relies upon **Commonwealth v. Demora**, 149 A.3d 330 (Pa. Super. 2016), where a prior panel of this Court held that an appellant's failure to join the Pennsylvania State Police ("PSP") as an indispensable party resulted in a lack of jurisdiction in the Court of Common Pleas. **Demora**, 149 A.3d at 333.

**Demora** is distinguishable from the instant matter. In **Demora**, the defendant's guilty plea to one count of indecent assault subjected him to a ten-year reporting requirement under Megan's Law I. **See Demora**, 149 A.3d at 331. After serving his sentence, the defendant began reporting to the PSP under Megan's Law II. **Id.** In December 2012, the PSP notified the defendant that pursuant to SORNA he was required to register as a Tier III offender and was subject to the lifetime reporting requirement. **Id.** The defendant filed a petition seeking a determination that he was not subject to the reporting requirements. **Id.** The trial court concluded that the defendant had not established that the registration requirement was a material term of his plea and denied the petition. **Id.**

On appeal, this Court concluded that the trial court lacked jurisdiction to entertain the defendant's petition, as the PSP had not been named as a defendant. **Demora**, 149 A.3d at 331. We noted that the defendant was no

longer serving any part of his sentence, nor had the District Attorney's Office taken an action against him. *Id.* at 332. It was the PSP's action requiring the defendant to register and report under SORNA to which he objected, and thus, the PSP was an indispensable party. *Id.* We noted that the appropriate form of action for the relief sought *by that defendant* was a petition sounding in declaratory and injunctive relief against the PSP.

Initially, we note that Appellant is *currently serving* a sentence. He timely filed a direct appeal within the appropriate period. He has not yet registered to report to the PSP, as he has not yet been released from custody. Further, Appellant challenges the requirement imposed *by the trial court* that he register as a sex offender for life based upon the court's interpretation of SORNA's requirements. This case is properly before this Court, as was the defendant's appeal in **Lutz-Morrison** and numerous other cases implicating the same fact patterns and claims. **See Lutz-Morrison**, 143 A.3d at 894 (appellant filed direct appeal to this court from sentence and trial court's notification that his convictions subjected him to lifetime registration, and did not join the Pennsylvania State Police as a necessary party); **cf. A.S.**, 143 A.3d at 898-99 (appellee had completed his sentence and filed petition to compel the PSP to correct his sexual offender registration status in the Commonwealth Court of Pennsylvania, joining PSP as a necessary party).

Therefore, we vacate Appellant's judgment of sentence in part, as to his classification as a Tier III offender, and remand for the trial court to impose a

twenty-five-year registration requirement under Section 9799.15(a)(2). In all other respects, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed in part, and vacated in part. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017