J-E02002-16

2017 Pa Super 352

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellant<br><br>v.<br><br>STEVEN MCCULLOUGH | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br>No. 1755 WDA 2014 |

Appeal from the Order Entered October 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013438-2013

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E.,
BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
and OTT, J.

OPINION BY PANELLA, J.                    **FILED NOVEMBER 9, 2017**

Under Megan's Law II, the Commonwealth required individuals convicted of indecent assault to register as sexual offenders for a period of ten years. **See** 42 Pa.C.S.A. §§ 9791-9799.7 (expired December 20, 2012). The registration provisions specifically applied to "individuals incarcerated or convicted on or after the effective date of this act," which a prior panel of this Court interpreted to exclude offenders incarcerated due to revocation of their probation. **See Commonwealth v. Rivera**, 10 A.3d 1276 (Pa. Super. 2010).

At the time Megan's Law II was enacted, Appellee, Steven McCullough, was incarcerated following the trial court's revocation of his probation on his underlying conviction of indecent assault. After his release, McCullough

began registering as a sexual offender. He was later prosecuted for his failure to register under the Sexual Offender Registration and Notification Act ("SORNA"), which ultimately replaced Megan's Law II. *See* 42 Pa.C.S.A. §§ 9799.10-9799.41 (effective December 20, 2012). Relying on *Rivera*, the trial court ordered that McCullough be removed from the sexual offender registry.

The Commonwealth appealed, on the theory that *Rivera* was incorrectly decided. Though this case came before us in order to resolve conflicting applications of *Rivera*, we find we must instead decide McCullough's case based on the Pennsylvania Supreme Court's recent disposition in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Therefore, we affirm the trial court's order removing McCullough from the sexual offender registry.

During the pendency of this appeal, our Supreme Court issued its decision in *Muniz*. Muniz challenged SORNA's increase in required registration length for certain offenses, when the registrable offense occurred prior to the imposition of SORNA. Muniz was convicted of indecent assault of a person under 13 years of age, which carried a ten-year registration requirement under Megan's Law II at the time he committed the act and was convicted. Before the trial court sentenced Muniz, SORNA became law in Pennsylvania. Under SORNA, Muniz was subject to lifetime reporting requirements as a sexual offender based on his previous conviction. The *Muniz* Court held that Pennsylvania's SORNA is an

unconstitutional ex post facto law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effectiveness date and subjected to increased registration requirements under SORNA after its passage.

Instantly, McCullough was convicted in 1994 of indecent assault involving a victim over 13 years of age, 18 Pa.C.S.A. § 3126. He was sentenced to five years of probation. At that time, defendants with indecent assault convictions were not subject to sexual offender registration requirements. The trial court revoked McCullough's probation in 1997, and sentenced him to nine to twenty-three months' incarceration, followed by an additional three years of probation. The court revoked McCullough's probation again on November 17, 1999, and sentenced him to a further eleven and a half to twenty-three months' incarceration, followed by another consecutive three years of probation.[1] On July 10, 2000, while McCullough was still incarcerated for his second probation violation, Megan's Law II was enacted. The law required defendants convicted of indecent assault to register as sexual offenders for ten years.

Following his incarceration, McCullough began registering as a sexual offender under Megan's Law II. The affidavit of probable cause lists April 7, 2004, as the start date of McCullough's ten-year registration period under

---

[1] The record indicates McCullough's incarceration for his second probation violation began on March 6, 2000.

Megan's Law II. **See** Criminal Complaint, filed September 3, 2013. McCullough stipulated to the information contained in the affidavit of probable cause and does not dispute this date on appeal.

Even if we found that McCullough was properly subject to Megan's Law II and his registration period began on April 4, 2004, McCullough's ten-year registration period under Megan's Law II would have ended on April 7, 2014. The Commonwealth's appeal relies upon SORNA's inclusion of McCullough as a registrable offender for an increased total of twenty-five years, because McCullough had not completed his registration requirements on SORNA's effective date of December 20, 2012. However, we need not determine whether McCullough was properly subject to Megan's Law II and thus presently subject to registration under SORNA, as he is no longer required to register as a sexual offender based on the holding in **Muniz**.

At first blush, it may appear that **Commonwealth v. Demora**, 149 A.3d 330 (Pa. Super. 2016), still procedurally controls this case. It does not. **Demora** held that the Pennsylvania State Police ("PSP") must be joined as an indispensable party in an action for removal from the sexual offender registry. The panel in **Demora** found that failure to join the PSP in such an action deprived the trial court of subject matter jurisdiction. However, our Supreme Court's decision in **Muniz** undercuts the reasoning of **Demora** in two ways. First, it implicitly overrules **Demora** by removing Muniz from the sexual offender registry despite his failure to join the PSP in his removal

action. Second, it holds that registration is a criminal sanction, subject to *ex post facto* considerations, which abrogates our holding in **Demora**. The rationale behind **Demora** was based on prior cases holding that registration was ancillary to sentencing and not part of the criminal sentence. Thus, to avoid any confusion, we now explicitly recognize **Muniz** overrules **Demora**. Consequently, we affirm the trial court's order removing McCullough from the sexual offender registry.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017