J-A03030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS O'BRIEN | : | |
| | : | No. 2557 EDA 2017 |
| Appellant | : | |

Appeal from the Order entered June 30, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001589-1999

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY MCLAUGHLIN, J.:         **FILED JANUARY 18, 2018**

Dennis O'Brien appeals from the June 30, 2017 order entered in the Monroe County Court of Common Pleas denying his petition to terminate registration requirement.  We vacate and remand in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).

On April 18, 2000, O'Brien pled guilty to two counts each of endangering welfare of children and indecent assault.[1]  The trial court sentenced O'Brien to an aggregate term of 2½ to 6 years' incarceration.  After he was released from custody, O'Brien registered as a sex offender under Megan's Law II, 42 Pa.C.S. §§ 9791–9799.7 (repealed).  Following the enactment of the Sexual Offender

---

[1] 18 Pa.C.S. §§ 4304 and 3126(a)(6), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41, the Pennsylvania State Police ("PSP") informed O'Brien he was required to comply with SORNA.

On June 19, 2015, O'Brien filed a petition to terminate his registration requirement. On June 30, 2017, the trial court denied the motion. O'Brien filed a timely notice of appeal.

On appeal, O'Brien raises the following issues:

> Did the Court of Common Pleas commit error:
>
> 1) In not applying [**Muniz**, 164 A.3d 1189], to the disposition of [O'Brien's] Motion to Enforce the Guilty Plea Agreement?
>
> > a. In retroactively applying [SORNA] to Den[n]is O'Brien's June 22, 2000 guilty plea agreement when 42 Pa.C.S.A. §9799.6 (repealed) was in effect, in violation of the Pennsylvania and Federal Constitutions as discussed in **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016), and **Commonwealth v. Ritz**, 153 A.3d 336 (Pa.Super. 2016)?
> >
> > b. In not finding [SORNA] violated both Federal and Pennsylvania's ex post facto clauses?
>
> 2) In determining it lacked jurisdiction to decide the petition, contrary to **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016), and **Commonwealth v. Ritz**, 153 A.3d 336 (Pa.Super 2016), because [O'Brien] failed to join or notice the [PSP]?
>
> 3) In finding the ten year notification provision of 42 Pa.C.S.A. §9799.6 (repealed) was not a negotiated term of [O'Brien's] June 22, 2000 plea agreement after making credibility determinations against [O'Brien] in violation with **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016), and **Commonwealth v. Ritz**, 153 A.3d 336 (Pa.Super 2016).

O'Briens's Br. at 17-18 (suggested answers omitted).

On July 19, 2017, the Pennsylvania Supreme Court concluded that retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the federal and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1193; *accord Commonwealth v. McCullough*, ___ A.3d ____, 2017 WL 5184490, at *1 (Pa.Super. Nov. 9, 2017) (*en banc*).[2]

On December 8, 2017, the Commonwealth filed a letter stating it did not object to the relief requested by O'Brien.[3]

Accordingly, following the Supreme Court's decision in *Muniz*, we vacate the order denying the petition to terminate registration requirement and remand to the trial court for further proceedings consistent with *Muniz*.

---

[2] At the March 1, 2017 hearing on the motion to terminate registration requirement, the Commonwealth conceded O'Brien had completed the 10-year registration period required under Megan's Law II. N.T., 3/1/17, at 3; *see* 42 Pa.C.S. § 9795.1(a)(1) (repealed) (requiring 10-year registration period where convicted of indecent assault graded as a first-degree misdemeanor).

[3] In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court concluded that O'Brien would be entitled to relief under *Muniz*, but that the procedural posture of the case precluded relief because O'Brien did not join the PSP as a party, as required by *Commonwealth. v. Demora*, 149 A.3d 330, 333 (Pa.Super. 2016). Op. In Support of Order Pursuant to Pa.R.A.P. 1925(a), 8/28/17, at 2. In *Demora*, this Court held that the PSP is an indispensable party in an action seeking relief from SORNA and that failure to name the PSP as a party deprived the trial court of jurisdiction. On November 9, 2017, this Court issued a decision in *McCullough*, in which we concluded *Muniz* overruled *Demora*. *McCullough*, 2017 WL 5184490, at *2.

Order vacated.  Case remanded.  Jurisdiction relinquished.[4]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/18/18</u>

---

[4] O'Brien's motion to cancel oral argument is denied as moot.