J-S78041-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DARIAN TRAVIS HARRIS, | : | |
| Appellant | : | No. 1110 WDA 2017 |

Appeal from the PCRA Order June 13, 2017
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000261-2015

BEFORE:    OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    FILED JANUARY 31, 2018

Darian Travis Harris (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   Counsel has filed a petition to withdraw and a brief purportedly pursuant to Anders v. California, 386 U.S. 738 (1967).   Upon review, we quash the appeal.

On December 9, 2015, Appellant pled guilty to, inter alia, aggravated assault.   On December 22, 2015, he was sentenced to five to ten years of imprisonment.   Appellant did not file post-sentence motions or a direct appeal.

On October 31, 2016, Appellant pro se filed a PCRA petition.   Counsel was appointed.   On February 1, 2017, counsel filed a motion to withdraw and supporting brief with the PCRA court.   The PCRA court denied counsel's motion

_____
*Retired Senior Judge assigned to the Superior Court.

to withdraw. A hearing was held on May 25, 2017. By order dated June 13, 2017, the PCRA court denied Appellant's petition.

On July 27, 2017, Appellant filed the instant notice of appeal. However, Appellant was required to file any notice of appeal from the denial of his PCRA petition within 30 days, or by July 13, 2017. See Pa.R.A.P. 903(a). Instead, on July 14, 2017, Appellant's counsel filed a petition to reinstate his appellate rights nunc pro tunc because counsel did not read Appellant's request to file a notice of appeal until July 14, 2017, due to a family emergency. Thereafter, the PCRA court granted Appellant's request, and the instant appeal followed. Before we can consider the merits of this appeal, we must determine whether it was timely filed. See Commonwealth v. Demora, 149 A.3d 330, 331 (Pa. Super. 2016) ("We may raise the issue of jurisdiction sua sponte.").

A petition to reinstate the right to appeal the order denying a first PCRA petition is a second PCRA petition. See Commonwealth v. Fairiror, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairiror's] January 8, 2001 petition for reinstatement of PCRA appellate rights nunc pro tunc must be considered a second [] PCRA petition. ... Although [Commonwealth v. Hall, 771 A.2d 1232 (Pa. 2001)] and [Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999),] dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." Chester, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" Id. (quoting Commonwealth v. Lambert, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant was sentenced on December 22, 2015. Because he did not file a post-sentence motion or direct appeal, his judgment of sentence became final on January 21, 2016. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Appellant had until January 21, 2017, to file timely a PCRA petition. Appellant filed his second PCRA petition seeking to reinstate his right to appeal the order denying his first PCRA petition on July 14, 2017. Thus, his petition is patently untimely, and he had the burden of pleading and proving an exception to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant's second PCRA petition did not allege any of the statutory exceptions to the PCRA's one-year time bar. Therefore, the PCRA court was without jurisdiction to restore Appellant's PCRA appeal rights nunc pro tunc,

- 3 -

rendering his notice of appeal untimely filed. Accordingly, we quash this appeal.

Appeal quashed.[1] Counsel's petition to withdraw is denied as moot.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/31/2018</u>

---

[1] We quash this appeal without prejudice for Appellant to file another PCRA petition with the trial court alleging that counsel abandoned him. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (holding that Bennett "made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief" and "invoke[d] subsection (b)(1)(ii)" of the time-bar exceptions).