J-S39004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON C. GASPARICH | |
| Appellant | No. 1866 MDA 2017 |

Appeal from the PCRA Order entered November 2, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0004383-2010

BEFORE: STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 18, 2018**

Appellant, Aaron C. Gasparich, appeals *pro se* from the November 2, 2017 order entered in the Court of Common Pleas of Lancaster County, denying his fifth petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Following review, we affirm.

As the PCRA court explained in its Rule 1925(a) opinion, Appellant entered into a guilty plea on June 29, 2011 to two counts of involuntary deviate sexual intercourse (IDSI) and one count of indecent assault, all of which occurred on July 24, 2010 and involved a child less than 13 years of age.[1] During his plea hearing, Appellant acknowledged the offenses were

---

[1] 18 Pa.C.S.A. §§ 3123(b) and 3126(a)(7), respectively.

Megan's Law offenses requiring lifetime registration. He signed a form acknowledging he would be required to register for life with the Pennsylvania State Police (PSP). Rule 1925(a) Opinion, 1/8/18, at 1 (citing Notes of Testimony, Guilty Plea Hearing, 6/29/11, at 5 and 6).

Appellant was sentenced on September 19, 2011 to a term of ten to twenty years in prison on each count of IDSI, followed by ten years of consecutive probation, and nine months to five years in prison for indecent assault, running concurrently with the IDSI sentences. He was again informed he was subject to Megan's Law restrictions, including lifetime registration with the PSP.[2] He did not file a direct appeal. *Id.* at 2 (citing Notes of Testimony, Sentencing, 9/19/11, at 7-8).

On September 15, 2017, Appellant filed the instant PCRA petition, his fifth. Relying on our Supreme Court's July 19, 2017 decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), Appellant argued that compelling his compliance with SORNA's registration requirements would constitute *ex post facto* punishment.[3] The Commonwealth filed a response,

---

[2] As of the dates of the offenses at issue and Appellant's sentencing, Megan's Law II was in effect. On December 12, 2012, Megan's Law II was replaced by the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.41. SORNA applied retroactively to persons who had not completed their registration periods under Megan's Law II and other registration statutes. 42 Pa.C.S.A. § 9799.13.

[3] In ***Muniz***, our Supreme Court held that "SORNA's registration provisions constitute punishment notwithstanding the General Assembly's identification

asserting the petition must be dismissed for failure to join an indispensable party, the PSP. Commonwealth Response, 10/20/17, at ¶¶ 5-8 (citing **Commonwealth v. Demora**, 149 A.3d 330. 332-33 (Pa. Super. 2016)).[4] Alternatively, the Commonwealth argued the petition was untimely filed and could not be saved by reliance on **Muniz** because, while the petition was filed within 60 days of the issuance of that decision, neither our Supreme Court nor the United States Supreme Court had declared that **Muniz** was to be applied retroactively. **Id.** at ¶¶ 9-19.

On October 12, 2017, the PCRA court issued a notice under Pa.R.Crim.P. 907, advising Appellant of the court's intention to dismiss the petition. The court agreed with the Commonwealth's assertion that the PSP was an indispensable party, and that the failure to join the PSP deprived the court of jurisdiction over Appellant's claim. PCRA Court Rule 907 Notice, 10/12/17, at 2. The court explained that even absent the lack of jurisdiction for failure to join the PSP, the court would not have jurisdiction over the petition because

_____

of the provisions as nonpunitive; 2) retroactive application of SORNA's registration provisions violates the federal ex post facto clause; and 3) retroactive application of SORNA's registration provisions also violates the ex post facto clause of the Pennsylvania Constitution." **Id.** at 1193 (Dougherty, J., Opinion Announcing Judgment of the Court).

[4] In light of our disposition of this appeal, there is no need to discuss the legal ramifications of Appellant's failure to join the PSP. However, we note that on November 9, 2017, this Court "explicitly recognize[d] **Muniz** overrules **Demora**." **Commonwealth v. McCullough**, 174 A.3d 1094, 1095 (Pa. Super. 2017) (en banc).

it was time-barred under the PCRA. *Id.* at 2-5. The court advised Appellant of his right to file a response showing good cause why the petition should not be dismissed. *Id.* at 6.

Appellant filed his objections to the notice on November 2, 2017. By order entered the same day, the PCRA court denied Appellant's petition, noting Appellant's response "does not contain anything new for the [c]ourt's consideration that would result in a change to the findings as detailed in the Rule 907 Notice, which formed the basis for dismissal of [Appellant's petition]." PCRA Court Order, 11/2/17, at 1. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

> Appellant presents four issues for our consideration:
>
> Whether the [PCRA] court erred when not standing by the decision in the *Muniz* case, and granting petitioner relief?
>
> Whether the [PSP] should [be] listed as a party when seeking relief from sex offender registration requirements?
>
> Whether the decision in *Commonwealth v. Muniz*, deeming retroactive application of S.O.R.N.A. punitive, made the issue something that could be raised through post-conviction relief via PCRA?
>
> Whether the decision in *Commonwealth v. Muniz* [established] a newly recognized constitutional right triggering retroactive application for the purpose of state collateral review?

Appellant's Brief at 3 (some capitalization omitted).

In *Commonwealth v. Stokes*, 959 A.2d 306 (Pa. 2008), our Supreme Court stated:

- 4 -

> Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa. 2006). We note that a second or subsequent petition must present a strong prima facie showing that a miscarriage of justice may have occurred. **Commonwealth v. Carpenter**, 555 Pa. 434, 725 A.2d 154, 160 (1999). Finally, the petition must be timely, as the Act's timeliness restrictions are jurisdictional in nature and are to be strictly construed. **Commonwealth v. Abu–Jamal**, 596 Pa. 219, 941 A.2d 1263, 1267–68 (2008).

**Id.** at 309.

As noted above, Appellant was sentenced on September 19, 2011, following entry of a guilty plea to two counts of IDSI and one count of indecent assault. He did not file a direct appeal. Therefore, his judgment of sentence was final on October 19, 2011, at the expiration of the time for filing a direct appeal to this Court, and he had until October 19, 2012 to file a timely petition for collateral relief. **See** 42 Pa.C.S.A. § 9545(b).

Appellant filed this petition on September 15, 2017, nearly five years after his judgment of sentence became final. Therefore, the petition is facially untimely and we may not consider it unless Appellant has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal

citations and quotation marks omitted). Because timeliness is separate and distinct from the merits of Appellant's underlying claims, we must first determine whether this PCRA petition is timely filed. *See Stokes*, 959 A.2d at 310 (consideration of *Brady* claim separate from consideration of its timeliness).

In his petition, Appellant alleged he was subject to an unconstitutional application of SORNA in light of our Supreme Court's decision in *Muniz*. "The *Muniz* Court held that Pennsylvania's SORNA is an unconstitutional ex post facto law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effectiveness date **and** subjected to increased registration requirements under SORNA after its passage." *McCullough*, 174 A.3d at 1095 (emphasis added).[5]

In *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), this Court considered a *Muniz* timeliness exception claim in a case that also involved a facially untimely serial PCRA petition. In *Murphy*, we explained:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 812 A.2d 497 (Pa. 2002), our Supreme Court held that,

---

[5] We note that, like the defendants in *Muniz* and *McCullough*, Appellant was convicted of an applicable crime before SORNA's December 12, 2012 effective date. However, unlike those two defendants, whose periods of registration were lengthened under SORNA, Appellant's lifetime registration under Megan's Law remained a lifetime registration under SORNA.

[s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Here, we acknowledge that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, [] 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See Abdul-Salaam, supra***. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.[1]

[1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that ***Muniz*** applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

*Id.* at 405-06 (emphasis in original).

Just as the "new retroactive right" exception did not save the otherwise untimely petition in ***Murphy***, it similarly fails to provide an exception to the PCRA's time bar that would save Appellant's petition. Because his petition is

untimely and he has failed to plead and prove that any timeliness exception applies, this Court does not have the authority to hear Appellant's claims.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/18/2018</u>

---

[6] To the extent the PCRA court denied Appellant's petition based on lack of jurisdiction for failure to join an indispensable party, we note that we may affirm a PCRA court's decision on other grounds. ***See, e.g., Commonwealth v. Kunco***, 173 A.3d 818, 823 (Pa. Super. 2017); ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).