J-A03043-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CLIFFORD JUSTIN REED, :
:
Appellant : No. 1237 WDA 2018

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Cameron County
Criminal Division at No(s): CP-12-CR-0000011-2015

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 9, 2019**

Clifford Justin Reed (Appellant) appeals from the June 19, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit brief pursuant to ***Commonwealth v. Turner****,* 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we quash this appeal and deny counsel's petition to withdraw as moot.

Appellant moved from Tennessee to Cameron County, Pennsylvania, where he was required to register as a sexual offender due to a conviction in Tennessee. Appellant failed to notify Pennsylvania or Tennessee authorities of his change in residence within the requisite time-period. Thus, the Commonwealth charged Appellant with failure to comply with sexual

* Retired Senior Judge assigned to the Superior Court.

offender registration requirements. On April 21, 2015, Appellant pleaded guilty and was sentenced to a term of incarceration of two to five years. Appellant did not file a post-sentence motion or direct appeal.

On December 29, 2017, Appellant *pro se* filed his first PCRA petition. In his petition, Appellant sought to vacate his conviction based upon our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that the registration and reporting provisions of the Sex Offender Registration and Notification Act (SORNA) are punitive, and retroactive application of these provisions is unconstitutional. The PCRA court appointed Christopher Martini, Esquire, to represent Appellant. Attorney Martini filed a petition to withdraw as counsel pursuant to **Turner/Finley**, because Appellant untimely filed his petition. Petition for Leave to Withdraw, 4/11/2018. Appellant *pro se* filed a response, asserting the same PCRA claim. Motion for Post Conviction Collateral Relief, 4/16/2018.[1]

On May 3, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 and granted Attorney Martini's petition to withdraw. In response, Appellant filed a brief in support of his PCRA petition, asserting his petition was timely

---

[1] Although Appellant styled his *pro se* response as a PCRA petition, this did not constitute a separate PCRA petition.

- 2 -

pursuant to subsection 9545(b)(1)(iii).[2]    In asserting this exception, Appellant again relied on **Muniz**.  Thereafter, on June 19, 2018, the PCRA court dismissed Appellant's petition as untimely filed.  No appeal was filed.

On July 12, 2018, Appellant sought the appointment of new counsel. The PCRA court granted Appellant's request and appointed George N. Daghir, Esquire.  Order of Court, 7/25/2018.  On August 21, 2018, Attorney Daghir filed a motion to reinstate Appellant's right to file an appeal *nunc pro tunc* from the June 19, 2018 order denying his PCRA petition.  The PCRA court granted the motion, and the instant appeal followed.  Before we can consider the merits of this appeal, we must determine whether the appeal was filed timely.  **See Commonwealth v. Demora**, 149 A.3d 330, 331 (Pa. Super. 2016) ("We may raise the issue of jurisdiction *sua sponte*.").

A petition to reinstate the right to appeal an order denying a first PCRA petition is a second PCRA petition.  **See Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) ("[Fairiror's] January 8, 2001 petition for

---

[2] This subsection provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a second [] PCRA petition. … Although [***Commonwealth v. Hall***, 771 A.2d 1232 (Pa. 2001)] and [***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999),] dealt with the restoration of direct appeal rights, these cases teach that all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA.").

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)).

Instantly, Appellant was sentenced on April 21, 2015. Because Appellant did not file a post-sentence motion or direct appeal, his judgment of sentence became final on May 21, 2015. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Appellant had until May 23, 2016, to file a timely PCRA petition. Appellant filed his motion seeking to reinstate his right to appeal the order denying his PCRA petition on August 21, 2018. In light

of our case law, this motion constituted a second PCRA petition, and was subject to the PCRA's timeliness requirements. Because Appellant's judgment of sentence became final in 2015, his petition is patently untimely, and he had the burden of pleading and proving an exception to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant's second PCRA petition did not allege any of the statutory exceptions to the PCRA's one-year time bar. Therefore, the PCRA court was without jurisdiction to restore Appellant's PCRA appeal rights *nunc pro tunc*. Thus, the instant notice of appeal was untimely filed. Accordingly, we quash this appeal.

Appeal quashed. Counsel's petition to withdraw is denied as moot.

Judge Shogan joins in the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2019

- 5 -