J-S05040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JERRY LEE RITCHEY, JR., | : | |
| Appellant | : | No. 1318 WDA 2018 |

Appeal from the PCRA Order Entered March 5, 2018
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000747-2011

BEFORE:    PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    FILED: July 1, 2019

Jerry Lee Ritchey, Jr. (Appellant) appeals from the March 5, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we reverse the order of the PCRA court and remand for reinstatement of Appellant's direct appeal rights.

"In July 2011, the Commonwealth charged Appellant with multiple counts of burglary and related offenses in connection with a string of burglaries that occurred in several commercial buildings" in Clearfield County.[1] ***Commonwealth v. Ritchey***, 87 A.3d 874 (Pa. Super. 2013)

---

[1] This commercial-burglary spree spanned both Venango and Clearfield Counties.  Appellant was charged, tried, convicted, and sentenced in Venango County for the Venango County burglaries.  Pennsylvania State Police obtained a court order in Allegheny County to permit them to place a global positioning system (GPS) tracker on Appellant's vehicle to aid in the investigation of this burglary spree.  Evidence regarding this GPS device was admitted at Appellant's trials in both counties.  On appeal from the Venango
*(Footnote Continued Next Page)*

---

* Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum at 1). On June 27, 2012, a jury convicted Appellant, and on August 7, 2012, he was sentenced to an aggregate term of 4 to 16 years of incarceration. Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence. Post-Sentence Motion, 8/16/2012, at 1. Counsel then filed a supplemental post-sentence motion, wherein he additionally requested a new trial claiming that trial counsel was ineffective in his representation at trial.[2] Post-Sentence Motion Requesting New Trial *Nunc Pro Tunc*, 11/27/2012. On December 6, 2012, the trial court denied Appellant's supplemental post-sentence motion, stating that claims of ineffective assistance of counsel should be raised in a PCRA petition. Order, 12/6/2012. The order did not address the discretionary-aspects-of-sentence issue. Appellant timely filed a notice of appeal, and the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Appellant complied with the trial court's order to file a Rule 1925(b) statement, where he set forth one issue: "[Appellant] contends the [trial]

*(Footnote Continued)* ───────────────

County case, this Court upheld the trial court order admitting the GPS-related evidence. ***Commonwealth v. Ritchey***, 122 A.3d 1135 (Pa. Super. 2015) (unpublished memorandum).

[2] Appellant's original post-sentence motion was filed by Appellant's trial counsel. Prior to the disposition of that motion, trial counsel was permitted to withdraw because Appellant could no longer afford counsel's services. Order, 9/11/2012. New counsel, Attorney Douglas Campbell of the Office of the Public Defender, filed Appellant's supplemental post-sentence motion, Rule 1925(b) statement, and direct appeal.

court erred when it denied his post[-]sentence motion requesting a new trial *nunc pro tunc*, which argued for a new trial on the grounds of ineffective assistance of counsel, without holding an evidentiary hearing to take testimony and orally argue the merits of [Appellant's] motion." Concise Statement, 1/23/2013 (unnecessary capitalization omitted).

On direct appeal to this Court, Appellant presented three issues:

> [1.] That the order of the court on August 7, 2012 sentencing [Appellant] to a term of consecutive periods of incarceration was excessive and an abuse of discretion by the sentencing judge.

> [2.] That [trial counsel] was ineffective as [an] attorney for [Appellant] and the [trial] court erred in denying [Appellant] relief without a hearing on the issues.

> [3.] That the order authorizing placement of a GPS tracking device on Appellant's car was based on reasonable suspicion of criminal activity and not the current necessary standard of probable cause…

*Ritchey*, 87 A.3d 874 (unpublished memorandum at 2-3) (capitalization altered, brackets in original).

In reviewing these claims, this Court concluded that issues one and three were "waived for failure to preserve them before the trial court in his concise statement." *Id*. at 3. With respect to Appellant's second issue, this Court concluded that an ineffective-assistance-of-counsel claim could not be considered on direct appeal, and Appellant should raise it in a PCRA petition. *Id*. at 4-5.

- 3 -

On May 7, 2014, Appellant, through Attorney Scott White,[3] filed a timely PCRA petition.[4] Subsequently, with no explanation, Appellant filed *pro se* a PCRA petition. Appellant *pro se* followed up by requesting appointed counsel in 2015 and 2016. On January 12, 2017, the PCRA court entered an order appointing Attorney Patrick Lavelle as counsel for Appellant. On July 13, 2017, Attorney Lavelle filed an amended PCRA petition, and the PCRA court scheduled a hearing for December 8, 2017. After a hearing, the PCRA court entered an order permitting Attorney Lavelle an additional 30 days to file a brief. Attorney Lavelle complied. On March 5, 2018, the PCRA court issued an opinion and order denying Appellant's PCRA petition.

On May 4, 2018, Attorney Lavelle filed a petition for re-instatement of Appellant's PCRA appeal rights *nunc pro tunc*. According to counsel, he never received a copy of the March 5, 2018 order, and therefore did not learn about the denial of Appellant's petition until it was too late to file an appeal. The PCRA court held argument on that motion, and on June 28,

---

[3] It is not clear whether Attorney White was retained privately by Appellant or an appointed attorney from the Office of the Public Defender. However, this is his only filing on Appellant's behalf in this case.

[4] According to the Commonwealth, this petition was untimely filed. **See** Commonwealth's Brief at 4. That is incorrect. This Court affirmed Appellant's judgment of sentence on October 3, 2013, and Appellant did not file a petition for allowance of appeal. Thus, Appellant's judgment of sentence became final on November 3, 2013, and he had one year, until November 3, 2014, to file timely a PCRA petition.

2018, it granted the reinstatement of Appellant's right to file an appeal from the denial of his PCRA petition. Appellant, through Attorney Lavelle, filed a notice of appeal to this Court.

On August 2, 2018, Appellant *pro se* filed a motion to proceed *pro se* on appeal and requested that Attorney Lavelle withdraw his appearance. A hearing was scheduled on the motion on September 14, 2018. The PCRA court granted Appellant the right to proceed *pro se*.[5] Meanwhile, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. On September 21, 2018, the PCRA court filed an opinion. Praecipe to File With the Record, 9/21/2018.

Before we can consider the merits of this appeal, we must determine whether the appeal was filed timely. *See Commonwealth v. Demora*, 149 A.3d 330, 331 (Pa. Super. 2016) ("We may raise the issue of jurisdiction *sua sponte*."). A petition to reinstate the right to appeal an order denying a first PCRA petition is a second PCRA petition. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002).

---

[5] Although there is no transcript for this hearing in the certified record, the certified record does contain a completed waiver-of-counsel colloquy. That colloquy is not signed or initialed by Appellant. However, Appellant sent a letter to the clerk of courts of Clearfield County wherein he states that he participated in "a SKYPE hearing" where his motion "to proceed on appeal to the Superior Court without the assistance of counsel" was granted. Letter, 9/21/2018.

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). "Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Id.** (internal quotation marks omitted).

Instantly, this Court affirmed Appellant's judgment of sentence on October 3, 2013. Because Appellant did not file a petition for allowance of appeal to our Supreme Court, his judgment of sentence became final on November 3, 2013. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Accordingly, Appellant had until November 3, 2014, to file a timely PCRA petition. Appellant filed his motion seeking to reinstate his right to appeal the order denying his PCRA petition on May 4, 2018. In light of our case law, this motion constituted a second PCRA petition and was subject to the PCRA's timeliness requirements. Because Appellant's judgment of sentence became final in 2013, his petition is patently untimely, and he had the burden of pleading and proving an exception to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant's second PCRA petition, perhaps because counsel did not realize he was indeed filing a second PCRA petition, did not allege any of the statutory exceptions to the PCRA's one-year time bar. However, counsel did set forth his reasons for not having filed an appeal sooner, namely that the PCRA court erred by not sending him a copy of the order denying Appellant's PCRA petition. Petition for Reinstatement of Appeal Rights *Nunc Pro Tunc*, 5/4/2018, at ¶¶ 8, 12, 13. Counsel then alleged that as soon as he realized the error, on April 30, 2018, he filed the motion requesting the reinstatement of Appellant's right to appeal that denial. *Id*. at ¶ 11. Arguably, these averments satisfy either the governmental interference or newly-discovered fact exceptions provided for in 42 Pa.C.S. § 9545(b)(1)(i) and (ii). *See Commonwealth v. Smith*, 181 A.3d 1168, 1173 n.2 (Pa. Super. 2018) (holding that where the clerk of courts "failed to serve the PCRA court's … order upon Appellant or his counsel," it is not error to grant a second PCRA petition invoking the aforementioned exceptions and reinstate the "right to appeal the denial of [a] first PCRA petition *nunc pro tunc*").

After a careful review of the record, we elect not to elevate form over substance. Even though Attorney Lavelle did not name the motion a PCRA petition or set forth the statutory framework for the jurisdictional time requirements, he did set forth the facts supporting the exceptions to the timeliness requirements necessary to invoke the PCRA court's jurisdiction. Therefore, we conclude it was not error for the PCRA court to assume

jurisdiction and reinstate Appellant's right to file an appeal from the denial of his PCRA petition. Having determined that this appeal is properly before us, we may now proceed to the merits of this appeal.

On appeal, Appellant sets forth two issues for our review.

1. Did the PCRA court err as a matter of law in concluding that direct appeal counsel was not ineffective *per se* for raising unpreserved issues on direct appeal which completely foreclosed appellate review?

2. Did the PCRA court err as a matter of law when it concluded that direct appeal counsel, because of being newly appointed and having time constraints, acted reasonably in raising unreviewable issues which completely forfeited Appellant's direct appeal rights?

Appellant's Brief at 4.

We consider Appellant's issues mindful of our well-settled standard of review.

Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (internal citations omitted).

Appellant first contends that direct appeal counsel was *per se* ineffective for failing to raise any issue on direct appeal that was either preserved for appeal or appropriate for direct appellate review. Appellant's

- 8 -

Brief at 13-17. Our Supreme Court's jurisprudence in the area of what constitutes the ineffective assistance of counsel *per se* is ever evolving.

> Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice—*i.e.*, that there is a reasonable probability that, but for counsel's … errors, the result of the proceeding would have been different. In Pennsylvania, we have set forth … a three-part test, requiring an accused to show that (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.

*Commonwealth v. Rosado*, 150 A.3d 425, 429-30 (Pa. 2016) (internal citations and quotation marks omitted.

In particular, the Supreme Court has focused on both the complete and constructive denial of an accused's constitutional right to a direct appeal. In *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999), our Supreme Court concluded that the failure of counsel to file a requested direct appeal "falls within a narrow category of circumstances in which prejudice is legally presumed." In *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003), our Supreme Court extended the principle of *per se* ineffective assistance of counsel to include the failure of counsel to file a requested petition for allowance of appeal to our Supreme Court.

- 9 -

Subsequently, the Supreme Court held in **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005), that the failure to file a court-ordered Rule 1925(b) statement, which resulted in waiver of all claims on appeal, was *per se* ineffective assistance of counsel.[6] The Court concluded that "**Lantzy's** reasoning applies by its terms to counsel's dereliction in this case, which left [Halley] without an ability to challenge his conviction and sentence by means of the direct appeal." **Halley**, 870 A.2d at 800. Most recently, in **Rosado**, our Supreme Court considered a situation where Rosado's post-sentence motion raised only the issue of whether the evidence was sufficient to sustain Rosado's conviction. Then, counsel filed a court-ordered Rule 1925(b) statement, which raised three issues: 1) the discretionary aspects of Rosado's sentence; 2) error regarding exclusion of evidence at trial; and 3) error during the *voir dire* phase of the jury trial. In his brief on appeal, counsel for Rosado argued only the sufficiency-of-the-evidence claim. Our Supreme Court, applying the aforementioned case law, concluded that

> **the filing of a brief that raises only waived issues … is … akin to failing to file documents perfecting an appeal**. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal—thereby forfeiting his client's right to appeal—and one who makes all necessary filings, but

---

[6] In fact, this decision prompted the amendment of Pa.R.A.P. 1925 to provide that where "an appellant in a criminal case was ordered to file a [s]tatement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3) (note).

does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

***Rosado***, 150 A.3d at 434 (emphasis added). "Additionally, [the Supreme Court] found that maintaining the distinction between **errors causing waiver of all claims and those failing to preserve particular claims** appropriately prevented the exceptional doctrine of ineffective assistance of counsel *per se* from engulfing the general rule that an accused must demonstrate that counsel's errors caused him prejudice." ***Id***. (emphasis added). Thus, this Court held that counsel was ineffective *per se*. ***Id.***; ***see also Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2018) (extending ***Rosado*** to apply when counsel's actions foreclosed Peterson's ability to file a timely first PCRA petition, thereby preventing collateral review).

In this case, the PCRA court concluded that it "finds nothing in the record to substantiate a determination of ineffectiveness *per se*," because such situations are "very rare" and generally involve "blatant failure by counsel to take actions directly requested by a client."[7] PCRA Court Opinion, 3/5/2018, at 5. Thus, the PCRA court went on to analyze Appellant's claim under the three-prong test for ineffective assistance of counsel.

---

[7] The Commonwealth agrees with this analysis, stating that "situations where counsel will be found ineffective *per se* are very rare and would typically include a blatant failure to take actions directly requested by a client." Commonwealth's Brief at 11.

With the foregoing in mind, we consider the facts of this case. Here, Appellant was sentenced on August 7, 2012, and Attorney Ryan filed a timely post-sentence motion raising a discretionary-aspects-of-sentence claim. On September 14, 2012, Attorney Ryan was permitted to withdraw, and Appellant was provided 45 days to obtain new counsel, who could file a supplemental post-sentence motion. Although it is not clear when Appellant retained Attorney Campbell through the Office of the Public Defender, on November 27, 2012, Attorney Campbell filed a supplemental post-sentence motion arguing both that Attorney Ryan was ineffective and that Appellant wished to challenge the discretionary aspects of his sentence. The trial court dismissed that motion without a hearing on December 6, 2012. The trial court stated that Appellant "can raise claims for ineffective assistance of counsel in a [PCRA petition] to be filed subsequent to his direct appeal." Order, 12/6/2012. The trial court did not address the discretionary aspects of Appellant's sentence.

Attorney Campbell filed a timely notice of appeal, and responded timely to the trial court's order to file a Rule 1925(b) statement. In that statement, despite the trial court's directive that an ineffective-assistance-of-counsel claim should be raised in a PCRA petition, Attorney Campbell included only the same ineffective-assistance-of-counsel claim he raised in the post-sentence motion. Concise Statement, 1/23/2013. Then, on appeal, Attorney Campbell set forth three issues, two of which were not included in

Appellant's concise statement. Appellant's only "preserved" issue was the ineffective-assistance-of-counsel claim that the trial court had told counsel that Appellant could not raise on direct appeal.

As in **Rosado**, Appellant's right to direct appellate review was completely foreclosed by the actions of Attorney Campbell. Attorney Campbell preserved one claim for review in his Rule 1925(b) statement, an ineffective-assistance-of-counsel claim. The trial court had already told Attorney Campbell that such a claim was not reviewable on direct appeal. Thus, Attorney Campbell's Rule 1925(b) statement was the functional equivalent of no statement at all.

Moreover, the situation in this case is a logical extension of the straightforward holding of **Rosado**, where our Supreme Court concluded "that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." **Rosado**, 150 A.3d at 425-26. Here, Appellant's only "preserved" claim for review was a claim that could not be reviewed. Moreover, Attorney Campbell's brief on appeal, perhaps in an attempt to remedy the prior error, set forth claims that were not included in the Rule 1925(b) statement. This Court did not address those claims on the merits, but rather concluded that Appellant waived those claims by failing to include them in the Rule 1925(b) statement. Thus, counsel's actions resulted in this Court not reviewing any issue on appeal. Based on the foregoing, we conclude that this indeed is

one of those "rare" situations where "[a]ppellate [c]ounsel's errors … **precluded** litigation of Appellant's direct appeal." **Rosado**, 150 A.3d at 435 (emphasis in original). **See Commonwealth v. Reed**, 601 A.2d 1216 (Pa. 2009) (holding that direct appeal counsel was not *per se* ineffective for filing a defective appellate brief where the Superior Court was able to review at least some of the claims on the merits); **Commonwealth v. Fink**, 24 A.3d 426, 434 (Pa. Super. 2011) (holding direct appeal counsel was *per se* ineffective when he failed "to provide adequate citation to authority and analysis of the [Fink's] claims[, which] resulted in waiver and foreclosed consideration of the merits of the appeal").

Accordingly, we hold that the PCRA court erred by not concluding that direct appeal counsel was *per se* ineffective. Appellant is entitled to the reinstatement of his direct appellate rights *nunc pro tunc*. In addition, the PCRA court shall appoint counsel to represent Appellant. If Appellant does not wish to have counsel represent him on his direct appeal, the PCRA court shall conduct a new waiver-of-counsel colloquy and hearing pursuant to Pa.R.Crim.P. 121.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Panella joins in this memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/2019