J-S59023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMON LUIS REYES  A/K/A LUIS | : | |
| REYES | : | |
| | : | No. 427 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered January 31, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000314-1994,
CP-39-CR-0001878-1993

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED FEBRUARY 12, 2020**

Appellant Ramon Luis Reyes, also known as Luis Reyes, appeals *pro se*
from the order dismissing his second petition filed pursuant to the Post-
Conviction Relief Act[1] (PCRA).  Appellant challenges the PCRA court's dismissal
of his petition and failure to appoint counsel.  We affirm.

We state the relevant facts and procedural history as set forth by the
trial court.  The Commonwealth charged Appellant with one count each of
criminal conspiracy and receiving stolen property at docket number 0314-
1994.  ***See*** Docket No. 0314-1994.  The Commonwealth also charged
Appellant with two counts of possession with intent to deliver (PWID), one

_____

[1] 42 Pa.C.S. §§ 9451-9546.

count of knowing and intentional possession, and one count of criminal conspiracy at docket number 1878-1993. **See** Docket No. 1878-1993.

> On February 27, 1995, [Appellant] entered a plea of guilty to criminal conspiracy aiding (18 Pa.C.S.[] § 903(a)(2)). [All other charges were *nolle prossed*.] On the same date, [Appellant] was sentenced to a term of imprisonment of not less than two and a half (2½) years [to] not more than five (5) years in a state correctional institution. No direct appeal was filed. Thereafter, a motion for post conviction collateral relief was filed on May 7, 1996[,] that was subsequently withdrawn by [Appellant] on November 12, 1996. Then, on December 24, 2018, [Appellant] filed the within subsequent motion for post conviction collateral relief.[2] On January [4], 2019, [the PCRA court] provided [Appellant] with notice of its intention to dismiss the petition, which ultimately was dismissed on January [31], 2019. [This] appeal followed on or about February 6, 2019.
>
> [The January 31, 2019 order denying Appellant PCRA relief, listed both docket numbers in the caption and provided that Appellant could seek appellate review by filing "a notice of appeal to the appropriate appellate court . . . ." Order, 1/31/2019. Appellant filed a single notice of appeal, listing both docket numbers in the caption.]
>
> On February 6, 2019, [the PCRA court] instructed [Appellant] to file of record and serve upon [the trial court] a concise statement of errors complained of on appeal no later than February 27, 2019, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). However, [Appellant] failed to timely comply with [the order].

Trial Court Op., 3/14/19, 1-2 (some capitalization omitted).

_____

[2] We note that Appellant withdrew his first PCRA petition and filed a subsequent petition giving rise to this appeal as his second PCRA petition. **See Commonwealth v. Rienzi**, 827 A.2d 369 (Pa. 2003) (indicating that when a first PCRA petition has been withdrawn, a subsequent petition that does not relate back to the first petition is considered to be a second PCRA petition).

Appellant argues that under the Pennsylvania Sentencing Guidelines, his prior misdemeanor conviction should not have increased his sentence for the conspiracy convictions and that he should have received a lesser sentence. Appellant's Brief at 2. Appellant also contends that the PCRA court erred in denying his request for the appointment of counsel. *Id.* at 3. Before addressing Appellant's arguments, we must determine whether we may properly exercise jurisdiction over this appeal and whether any issues have been preserved for review. "We may raise the issue of jurisdiction *sua sponte.*" ***Commonwealth v. Demora***, 149 A.3d 330, 331 (Pa. Super. 2016) (citation omitted); ***see also Commonwealth v. Lane***, 81 A.3d 974, 981 (Pa. Super. 2013) (stating that this Court may *sua sponte* raise waiver under Pa.R.A.P. 1925).

In June 2018, the Pennsylvania Supreme Court held that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018); ***see also Commonwealth v. Creese***, 216 A.3d 1142, 1144 (Pa. Super. 2019) (holding that a notice of appeal may only contain one docket number and quashing the appeal where the appellant filed a notice of appeal listing four docket numbers).

However, this Court has recognized that:

it has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule.

> We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court.
>
> In the case *sub judice*, the PCRA court advised [the defendant] that he could appeal the dismissal of his PCRA petition by filing within thirty days a notice of appeal from its order. The court, still referring to its order that disposed of a PCRA petition pending at two separate docket numbers, again utilized the singular in advising [the defendant] where to file "Said notice of appeal[.]" Hence, while **Walker** required that [the defendant] file separate notices of appeal at each docket number, the PCRA court informed [the defendant] that he could pursue appellate review by filing a single notice of appeal.

**Commonwealth v. Stansbury**, 219 A.3d 157, 160-61 (Pa. Super. 2019) (citations omitted).

Instantly, the PCRA court's order denying relief disposed of issues at two dockets and informed Appellant of his right to appeal by filing a notice of appeal. Order, 1/31/19. Significantly, Appellant filed this appeal after the **Walker** decision and subsequent amendment of the Rules of Appellate procedure. However, as in **Stansbury**, the PCRA court's order did not indicate that Appellant would need to file separate notices of appeal. Accordingly, we conclude that the PCRA court's failure to advise Appellant properly of his appellate rights constitutes "a breakdown in court operations such that we may overlook" the **Walker** defect. **See Stansbury**, 219 A.3d at 160.

We next consider the effect of Appellant's failure to file a statement pursuant to Rule 1925(b). "The complete failure to file the 1925 concise statement is *per se* ineffectiveness [of counsel] because it . . . waives all issues on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super.

2009) (*en banc*). However, "[i]t is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf." ***Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa. Super. 2017) (citation omitted). Accordingly, when a *pro se* Appellant fails to file a court-ordered Rule 1925 statement, we are constrained to find the issues waived. ***See id.***

Instantly, the PCRA court instructed Appellant to submit a Rule 1925(b) statement within twenty-one days of the February 6, 2019 order. Order, 2/6/2019. Both dockets reflect that the order was served on Appellant via certified mail at the federal corrections institution. Appellant did not comply with the PCRA court's order to file a Rule 1925(b) statement. Therefore, Appellant's claims are deemed waived. ***See Boniella***, 158 A.3d at 164.

Even if Appellant's issues were not waived, Appellant did not plead or prove that he is currently serving a sentence of imprisonment, probation, or parole rendering him eligible for relief under the PCRA. Appellant was sentenced on February 27, 1995 to an aggregate term of five years' imprisonment in a state correctional institution. The record indicates that Appellant served this sentence and was released from state supervision in 2010. Therefore, Appellant has not established that he is eligible for PCRA relief. ***See Commonwealth v. Auchmuty***, 799 A.2d 823, 825 (Pa. Super. 2002) ("Under 42 Pa.C.S. § 9543(a)(1)(i), a PCRA petitioner is not eligible for relief unless he or she is 'currently serving a sentence of imprisonment, probation or parole for the crime.'"). Significantly, Appellant is currently incarcerated in a federal corrections institution with an anticipated release

date in 2030. There is no indication that Appellant will be subject to any further state sentence for these charges upon completion of his federal sentence. Accordingly, Appellant is not eligible for PCRA relief.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/20